**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|                        |   |                      |
|------------------------|---|----------------------|
| JEFFREY MILLER,        | : |                      |
|            Plaintiff,  | : | CIVIL ACTION NO.     |
|                        | : | 3:18-cv-01067 (JCH)  |
|            v.          | : |                      |
|                        | : |                      |
| ADRIENNE MILLER,       | : | JULY 25, 2018        |
|            Defendant.  | : |                      |
|                        | : |                      |

**RULING RE: MOTION FOR PRELIMINARY INJUNCTION (DOC. NO. 2)**

## I.  INTRODUCTION

Plaintiff Jeffrey Miller ("Mr. Miller") brings this action pro se against defendant Adrienne Miller ("Ms. Miller"), his sister, alleging defamation, malicious prosecution, infliction of emotional distress, and wrongful death.  See generally Complaint ("Compl.") (Doc. No. 1).  Pending before the court is Mr. Miller's Motion for Preliminary Injunction ("Pl.'s Mot.") (Doc. No. 2), which seeks to enjoin Ms. Miller from making defamatory statements about him.

For the following reasons, this Motion is denied.

## II.  FACTS

The case arises out of a family dispute between Mr. Miller and his sister, Ms. Miller.  See Plaintiff's Memorandum of Law in Support of Motion for Preliminary Injunction ("Pl.'s Mem.") (Doc. No. 2-1) at 1.  According to the Complaint, Ms. Miller reconnected with Mr. Miller and their mother in January 2013, after being estranged from the family for thirteen years.  See Compl. at ¶ 6.  Soon after Ms. Miller's return, items from the mother's home in Wilton, Connecticut, began disappearing.  Id. at ¶ 13.  Mr. Miller suspected his sister, who had "displayed bizarre behavior from the moment

she returned" and had been asking the family for money.  Id. at ¶¶ 9, 10, 11.

When Mr. Miller confronted Ms. Miller about the missing items, Ms. Miller allegedly began making false accusations against Mr. Miller.  Id. at ¶ 14.  Specifically, the Complaint asserts that Ms. Miller called state social services in November 2015 and accused Mr. Miller of neglecting and abusing their mother.  Id. at ¶ 15.  In addition, Ms. Miller made ten false allegations about Mr. Miller to the Wilton Police Department between 2015 and May 2017, including allegations of assault, attempted strangulation, attempted homicide, and theft.  Id. at ¶ 20.  In May 2016, the Wilton Police Department informed Mr. Miller that his sister had accused him of harassment and of stealing jewelry and silverware from his mother.  Id. at ¶ 17.  According to Mr. Miller, the police officer warned him that he would be arrested if he returned to the Wilton home.  Id.  At the time, Mr. Miller lived in Louisiana.  Id.

On November 9, 2016, Mr. Miller's mother died.  Id. at ¶ 28.  Since February 17, 2017, Mr. Miller and Ms. Miller have been involved in ongoing litigation over their mother's will and the division of her estate.  Affidavit of Jeffrey Miller ("Mr. Miller's Aff.") (Doc. No. 2) at ¶ 2.  In connection with that litigation, Mr. Miller seeks to enter the family home in Wilton to take inventory.  Id. at ¶ 3.  Ms. Miller has allegedly attempted to delay Mr. Miller's visit by telling the Estate Trustee and Estate Attorney that she "fears for her life" and that Mr. Miller tried to kill her twice.  Id. at ¶ 4.

Mr. Miller filed a Complaint against Ms. Miller in this court on June 22, 2018.  See generally Compl.  In the Complaint, he brings claims for defamation, infliction of emotional distress, malicious prosecution, and wrongful death.  Id. at ¶¶ 32–57.  On the same day, Mr. Miller filed this Motion for Preliminary Injunction, which seeks to

preliminarily enjoin Ms. Miller from making false allegations about Mr. Miller.  <u>See</u> <u>generally</u> Pl.'s Mot.

## III.    LEGAL STANDARD

The standard for preliminary injunctive relief is well established in this Circuit. "Generally, a party seeking a preliminary injunction must establish '(1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" <u>Oneida Nation of New York v. Cuomo</u>, 645 F.3d 154, 164 (2d Cir. 2011) (quoting <u>Monserrate v. N.Y. State Senate</u>, 599 F.3d 148, 154 (2d Cir. 2010)).  "Additionally, the moving party must show that a preliminary injunction is in the public interest."  <u>Id.</u> (citing <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 19–20 (2008)).

"A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" <u>Faiveley Transp. Malmo AB v. Wabtec Corp.</u>, 559 F.3d 110, 118 (2d Cir. 2009) (quoting <u>Rodriguez v. DeBuono</u>, 175 F.3d 227, 234 (2d Cir.1999)).  "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm."  <u>Grand River Enter. Six Nations, Ltd. v. Pryor</u>, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks omitted).  "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances."  <u>Faiveley</u>, 559 F.3d at 118 (quoting <u>Moore v. Consol. Edison Co. of N.Y.</u>, 409 F.3d 506, 510 (2d Cir.2005)).

## IV.    DISCUSSION

The court decides this Motion for a Preliminary Injunction without conducting an evidentiary hearing.  Mr. Miller has not requested such a hearing.  Furthermore, "there is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it."  Riddick v. Maurer, No. 17-1685, 2018 WL 1750582, at *3 (2d Cir. Apr. 12, 2018) (quoting Md. Cas. Co. v. Realty Advisory Bd. on Labor Relations, 107 F.3d 979, 984 (2d Cir. 1997)) (internal alterations omitted).  Instead, a district court may issue a preliminary injunction without holding a hearing "when the relevant facts either are not in dispute or have been clearly demonstrated at prior stages of the case or when the disputed facts are amenable to complete resolution on a paper record."  Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stucco Sys., LLC, 289 F. Supp. 3d 457, 463–64 (S.D.N.Y. 2018) (quoting Charette v. Town of Oyster Bay, 159 F.3d 749, 755 (2d Cir. 1998)) (internal alterations omitted).

Here, the court can resolve the Motion for Preliminary Injunction on the basis of Mr. Miller's pleadings and Affidavit.  Even after crediting all of Mr. Miller's allegations and "construing [his] pro se application liberally," the court concludes that Mr. Miller has failed to meet the standard for a preliminary injunction, as explained below.  Robinson v. New York, No. 109-CV-0455 GLS/RFT, 2009 WL 3698417, at *1 (N.D.N.Y. Nov. 2, 2009).  Therefore, Mr. Miller is not entitled to an evidentiary hearing on his Motion for Preliminary Injunction.  See Welch Allyn Inc. v. Tyco Int'l Servs. AG, 200 F. Supp. 2d 130, 145 n.15 (N.D.N.Y. 2002) ("Where . . . a plaintiff's factual submissions, even if accepted as true, do not warrant injunctive relief, there are no 'essential' facts in dispute

and, therefore, a hearing would serve no purpose.").

Mr. Miller seeks to preliminarily enjoin Ms. Miller from "making any more false allegations against him to local, state, or federal authorities, and . . . from making defamatory statements about him." Pl.'s Mot. at ¶ 2. This request carries with it a heavy burden of proof. Ordinarily, a preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Moore v. Consol. Edison Co. of New York, 409 F.3d 506, 510 (2d Cir. 2005) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). However, when plaintiffs seek to preliminarily enjoin speech, their burden of persuasion is even greater because prior restraints on expression are "the most serious and the least tolerable infringement on First Amendment rights." Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union, 239 F.3d 172, 176 (2d Cir. 2001) (quoting Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 559 (1976)). Courts that preliminarily enjoin future speech run a grave risk of suppressing protected speech. See TVC Albany, Inc. v. Am. Energy Care, Inc., No. 1:12-CV-1471 MAD/CRH, 2012 WL 5830705, at *5 (N.D.N.Y. Nov. 16, 2012) ("Prior restraints of future speech are particularly dangerous because of the difficulty courts face in designing an order that does not chill protected speech.") (quoting Bihari v. Gross, 119 F.Supp.2d 309, 325 (S.D.N.Y. 2000)); Latino Officers Ass'n, New York, Inc. v. City of New York, 196 F.3d 458, 465 (2d Cir. 1999) ("The danger of a prior restraint, as opposed to ex post disciplinary action, is precisely that making predictions ex ante as to what restrictions on speech will ultimately be found permissible is hazardous and may chill protected speech."). As such, an injunction of this nature is subject to "a heavy

presumption against its constitutional validity." <u>TVC Albany</u>, 2012 WL 5830705, at *5

(quoting <u>Bantam Books, Inc. v. Sullivan</u>, 372 U.S. 58, 70 (1963)).

In addition to "the First Amendment's heavy presumption against prior restraints,"

the Second Circuit has long "subscribed to the majority view that, absent extraordinary

circumstances, injunctions should not ordinarily issue in defamation cases." <u>Metro.</u>

<u>Opera</u>, 239 F.3d at 177. This well-established rule "rests in large part on the principle

that injunctions are limited to rights that are without an adequate remedy at law." <u>Id.</u>

Thus, because defamation can ordinarily be remedied by damages, injunctions are not

appropriate in such actions absent extraordinary circumstances, such as intimidation

and coercion. <u>See</u> <u>id.</u> Indeed, even where extraordinary circumstances are present,

the Second Circuit has suggested that First Amendment principles may nonetheless

prohibit granting an injunction. <u>See</u> <u>id.</u>; <u>Freedom Calls Found. v. Bukstel</u>, No.

05CV5460(SJ)(VVP), 2006 WL 845509, at *22 (E.D.N.Y. Mar. 3, 2006).

Here, the First Amendment concerns raised by Mr. Miller's Motion are especially

strong. In particular, Mr. Miller asks the court to enjoin Ms. Miller from making false

allegations to the police. Doing so, however, risks infringing on her First Amendment

right to petition the government for a redress of grievances, which the Supreme Court

has described as "among the most precious of the liberties safeguarded by the Bill of

Rights." <u>Franco v. Kelly</u>, 854 F.2d 584, 589 (2d Cir.1988) (quoting <u>United Mine Workers</u>

<u>v. Illinois State Bar Association</u>, 389 U.S. 217, 222 (1967)); <u>see</u> <u>also</u> <u>Conquistador v.</u>

<u>Hartford Police Dep't</u>, 2017 WL 959731, at *4 (D. Conn. Mar. 13, 2017) ("[I]t is axiomatic

that filing a criminal complaint with law enforcement officials constitutes an exercise of

the First Amendment right to petition government for the redress of grievances.")

(quoting <u>Estate of Morris ex rel. Morris v. Dapolito</u>, 297 F. Supp. 2d 680, 692 (S.D.N.Y. 2004)); <u>Jackson v. New York State</u>, 381 F. Supp. 2d 80, 89 (N.D.N.Y. 2005) (concluding that the "plaintiff's actions in seeking enforcement of her [court] orders of protection were protected by the First Amendment").

In light of these First Amendment concerns and the longstanding presumption against preliminarily enjoining defamation, Mr. Miller falls far short of carrying his burden of persuasion. Most notably, Mr. Miller fails to demonstrate that he will suffer irreparable harm absent a preliminary injunction. In his pleadings and motion papers, Mr. Miller claims that he has suffered, and will continue to suffer, emotional distress and reputational injury as a result Ms. Miller's false accusations. <u>See</u> Compl. at ¶¶ 36, 51; Pl.'s Mem. at 5. While such injuries can constitute irreparable harm, Mr. Miller's vague and conclusory allegations of injury do not suffice. <u>See</u> <u>Register.com, Inc. v. Verio, Inc.</u>, 356 F.3d 393, 404 (2d Cir. 2004) (recognizing that "loss of reputation, good will, and business opportunities" can qualify as irreparable harm); <u>Moore</u>, 409 F.3d at 511 (recognizing that "claims of emotional and physical harm may in some circumstances justify preliminary injunctive relief"); <u>Lore v. City of Syracuse</u>, No. 00-CV-1833 HGM DEP, 2001 WL 263051, at *5 (N.D.N.Y. Mar. 9, 2001) ("In this Circuit, it is clear that [emotional harm] can be sufficient cause to justify the award of a preliminary injunction."). In particular, Mr. Miller fails to explain how false statements made by his sister negatively impact his reputation and goodwill. Mr. Miller also fails to identify any particular members of the community who changed their perception of him as a result of Ms. Miller's defamatory accusations. Furthermore, he provides no evidence that his reputation has actually suffered.

Mr. Miller's allegations of emotional harm similarly lack specificity. Instead, he relies solely on the defamatory statements allegedly made by Ms. Miller to establish his emotional injury. However, "[s]uch speculative and conclusory allegations are insufficient to establish irreparable harm." Fox Ins. Co. v. Envision Pharm. Holdings, Inc., No. CV-09-0237 SJF ARL, 2009 WL 790312, at *7 (E.D.N.Y. Mar. 23, 2009); see also TVC Albany, 2012 WL 5830705, at *6 (denying a preliminary injunction where the plaintiff in a defamation suit offered "only broad allegations concerning its potential loss of reputation and good will"); Bynog v. SL Green Realty Corp., No. 05 CIV.0305 WHP, 2005 WL 3497821, at *3 (S.D.N.Y. Dec. 22, 2005) (declining to preliminarily enjoin speech where the movants offered no evidence other than the non-moving parties' statements to support their assertions of irreparable harm).

Mr. Miller also argues that Ms. Miller's false allegations to the police constitute an irreparable injury because they put him at risk of being detained or arrested. See Pl.'s Mem. at 5. While irreparable harm can be predicated on Fourth Amendment violations for false arrest or malicious prosecution, plaintiffs must still show that the threat to their constitutional rights is actual and imminent and not remote or speculative. See Doe v. Bridgeport Police Dep't, 198 F.R.D. 325, 335 (D. Conn. 2001), modified, 434 F. Supp. 2d 107 (D. Conn. 2006). Mr. Miller has not made such a showing here. If anything, the Complaint indicates that the police have repeatedly discredited his sister's allegations, as not one of her ten accusations ever led to Mr. Miller's detainment or arrest. See Compl. at ¶ 20; see also Pl.'s Mem. at 2. Mr. Miller does allege that he received a phone call from the police informing him that he would be "arrested immediately" if he returned to the Wilton home. See Compl. at ¶ 17. However, a single, unverified phone

call from 2016, does not make Mr. Miller's risks of arrest in 2018 any less speculative or remote. Silver v. Lavandeira, No. 08CIV.6522JSRDF, 2009 WL 513031, at *6 (S.D.N.Y. Feb. 26, 2009) (the movant "must offer proof beyond [ ] unverified allegations" to meet the standard for a preliminary injunction) (quoting Allens Creek/Corbetts Glen Pres. Grp., Inc. v. Caldera, 88 F. Supp. 2d 77, 83 (W.D.N.Y. 2000)).

Finally, the court considers Mr. Miller's delay in seeking injunctive relief. See Tom Doherty Assocs., Inc. v. Saban Entm't, Inc., 60 F.3d 27, 39 (2d Cir. 1995) ("A district court should generally consider delay in assessing irreparable harm."). "Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights." Citibank, N.A. v. Citytrust, 756 F.2d 273, 276 (2d Cir. 1985). Thus, a delay in seeking enforcement of those rights "tends to indicate at least a reduced need for such drastic, speedy action." Id. "While delay does not always undermine an alleged need for preliminary relief, months-long delays in seeking preliminary injunctions have repeatedly been held by courts in the Second Circuit to undercut the sense of urgency accompanying a motion for preliminary relief." Silber v. Barbara's Bakery, Inc., 950 F. Supp. 2d 432, 439 (E.D.N.Y. 2013) (collecting cases). According to Mr. Miller's Complaint, Ms. Miller has been making defamatory accusations against him since 2015, including ten false allegations to the Wilton Police. See Compl. at ¶ 20. Furthermore, Mr. Miller does not explain why he waited to seek injunctive relief until June 2018. See Monowise Ltd. Corp. v. Ozy Media, Inc., No. 17-CV-8028 (JMF), 2018 WL 2089342, at *2 (S.D.N.Y. May 3, 2018) ("[C]ourts in this Circuit typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months.") (collecting cases). As a result, Mr. Miller's delay

9

"somewhat vitiates the notion of irreparable harm." Life Techs. Corp. v. AB Sciex Pte. Ltd., No. 11 CIV. 325 RJH, 2011 WL 1419612, at *7 (S.D.N.Y. Apr. 11, 2011) (quoting Comic Strip, Inc. v. Fox Television Stations, Inc., 710 F. Supp. 976, 981 (S.D.N.Y. 1989)).

Thus, the court concludes on the basis of the plaintiff's written submissions that Mr. Miller has failed to demonstrate that he will suffer irreparable harm absent a preliminary injunction. As "[t]he finding of no showing of irreparable harm is dispositive," the court need not consider the other prongs of the preliminary injunction standard. Grand River Enter. Six Nations, 481 F.3d at 68.[1]

## V.    CONCLUSION

For the foregoing reasons, the plaintiff's Motion for Preliminary Injunction (Doc. No. 2) is **DENIED**.

**SO ORDERED**.

Dated this 25th day of July 2018 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[1] As noted above, Mr. Miller is not entitled to an evidentiary hearing on the issue of irreparable harm because Mr. Miller did not request such a hearing and because his written submissions fall far short of presenting a basis to support a finding of irreparable harm. See Woods v. Goord, No. 01 CIV. 3255 (SAS), 2002 WL 31296325, at *1 n.2 (S.D.N.Y. Oct. 10, 2002) ("There is no doubt that a preliminary injunction may be 'denied without a hearing when the written evidence shows the lack of a right so clearly that receiving further evidence would be manifestly pointless.") (quoting McKenna v. Wright, No. 01 Civ. 6571, 2002 WL 338375, at *13 n.13 (S.D.N.Y. Mar.4, 2002)) (internal alterations omitted); Welch Allyn Inc., 200 F. Supp. 2d at 145 n.15 (an evidentiary hearing on a preliminary injunction should not be "viewed as an opportunity for a plaintiff to remedy inadequacies in its moving papers").